NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SLINGSHOT PRINTING LLC,**
*Appellant*

**v.**

**CANON U.S.A., INC., CANON INC.,**
*Appellees*

---

2025-1032

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2023-00309.

---

Decided:  July 16, 2026

---

MICHAEL GREGORY PATTILLO, JR., MoloLamken LLP, Washington, DC, argued for appellant.  Also represented by KAYVON GHAYOUMI, RAYINER HASHEM; CATHERINE MARTINEZ, PRATIK KUMAR RAJ GHOSH, New York, NY; MARK BORSOS, Fitch, Even, Tabin & Flannery LLP, Chicago, IL.

JULIE S. GOLDEMBERG, Morgan, Lewis & Bockius LLP, Philadelphia, PA, argued for appellees.  Also represented by MARIA DOUKAS, AMANDA SCOTT WILLIAMSON, Chicago,

2                SLINGSHOT PRINTING LLC v. CANON U.S.A., INC.

IL; JASON EVAN GETTLEMAN, Palo Alto, CA; JITSURO MORISHITA, Tokyo, Japan.

————————————

Before CHEN, HUGHES, and CUNNINGHAM, *Circuit Judges.*

CHEN, *Circuit Judge.*

Slingshot Printing LLC (Slingshot) appeals the final written decision of the Patent Trial and Appeal Board (Board) finding claims 1–6 and 8–20 of U.S. Patent No. 7,290,864 ('864 patent) unpatentable under 35 U.S.C. § 103.  *Canon U.S.A., Inc v. Slingshot Printing LLC*, No. IPR2023-00309, 2024 WL 3608171 (P.T.A.B. July 31, 2024) (*Decision*).  We *affirm.*

BACKGROUND

The '864 patent concerns a heater chip for use in printheads where the number of bondpads is reduced.  Claim 1 recites, in relevant part, "[a] heater chip for use in a printing device, comprising: . . . a bondpad, wherein the bondpad supplies power to at least a portion of the first heater array and to at least a portion of the second heater array." '864 patent at claim 1.  Dependent claims 3 and 9 require the bondpad to supply power via power traces that are "physically separated proximal to the bondpad."  '864 patent at claim 3, 9.

Canon U.S.A. Inc. and Canon Inc. (Canon) filed an *inter partes* review petition challenging claims 1–6 and 8–20 as unpatentable under 35 U.S.C. § 103.  There was a dispute regarding the meaning of the limitation "physically separated proximal to the bondpad."  The Board adopted Canon's construction of that limitation as meaning the power traces physically separate at a point closer to the bondpad than the end of the trace.  The Board also concluded that all challenged claims would have been obvious

in light of combinations including Benjamin144,[1] Benjamin703,[2] and Childers.[3]

Slingshot contests the Board's claim construction and obviousness determination. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's claim construction de novo and its factual findings for substantial evidence. *Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1278 (Fed. Cir. 2017) (citation omitted).

Slingshot first argues that the Board erred by construing "physically separated proximal to the bondpad" to mean closer to the bondpad than the "end of the trace," rather than closer to the bondpad than to the "heater arrays." Appellant Br. 32–33. We are not persuaded.

We agree with the Board that the relevant reference point is the "end of the trace." *Decision*, 2024 WL 3608171, at *5. As the Board noted, "[n]othing in the claims requires a comparison to other structures, like the heater arrays." *Id.* at *4. Nor does the specification require such an understanding. We agree that "proximity is measured along the trace relative to the bondpad." *Id.*

Slingshot next argues that the Board lacked substantial evidence to find dependent claims 3 and 9 unpatentable. Appellant Br. 46–47. Slingshot contests the Board's reliance on a figure of Benjamin144 to find that the power trace would be physically separated proximal to the bondpad than to the end of the power trace. *Id.* at 47–49. Slingshot states that the figure did not disclose any bondpads.

---

[1] U.S. Patent No. 7,722,144 (Benjamin144).

[2] U.S. Patent No. 7,278,703 (Benjamin703).

[3] U.S. Patent No. 6,582,062 (Childers).

*Id.* at 50. However, the location of the bondpad was a finding that rested on multiple, factually supported grounds. The Board relied on Benjamin144, Benjamin703, and expert testimony to determine a skilled artisan would understand the bondpad would be located at the edge of the heater chip. *Decision*, 2024 WL 3608171, at *13–14.

Slingshot challenges the figure for not being to scale. Appellant Br. 52–53. However, our case law does not prohibit a basic visual examination of patent figures or drawings. The Board compared general relative distances among components in the figure—it did not rely on the figure to extract "precise proportions" or "particular sizes." *Nystrom v. TREX Co.*, 424 F.3d 1136, 1149 (Fed. Cir. 2005) (citation omitted). Substantial evidence supports the Board's findings on how a skilled artisan would understand the figures.

CONCLUSION

We have considered Slingshot's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.